IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE EUGENE WEAVER, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> DIRECTOR, et al., ) <br> ) <br> Defendant(s). ) <br> ) <br> _____ ) | No. C 07-05334 JW (PR) <br><br> ORDER GRANTING EXTENSION OF TIME TO FILE *IN FORMA PAUPERIS* APPLICATION; DENYING *IN FORMA PAUPERIS* APPLICATION; DIRECTING PLAINTIFF TO PAY FULL FILING FEE <br><br> (Docket Nos. 3 & 4) |

Plaintiff, a California state prisoner and frequent litigant in this Court, has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983.[1] He seeks to proceed in forma pauperis under 28 U.S.C. § 1915.

**DISCUSSION**

A.   28 U.S.C. § 1915(g)

The Prison Litigation Reform Act of 1995 ("PLRA") was enacted, and became effective, on April 26, 1996.  It provides that a prisoner may not bring a civil

---

[1] Plaintiff has filed over eighty complaints in pro se in this Court since 2004 to the date of this order, each time filing an application to proceed in forma pauperis.

Order Granting Extension of Time to File IFP; Denying IFP; Directing P to Pay
P:\PRO-SE\SJ.JW\CR.07\Weaver05334_deny-ifp (1915g).wpd

action in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Section 1915(g) requires that this Court consider prisoner actions dismissed before, as well as after, the statute's 1996 enactment. Tierney v. Kupers, 128 F.3d 1310, 1311-12 (9th Cir. 1997). And as the text of § 1915(g) makes clear, the court may count as strikes dismissals of district court cases as well as dismissals of appeals. See Rodriguez v. Cook, 169 F.3d 1176, 1178 (9th Cir. 1999) (prisoner does not get three frivolous claims and three frivolous appeals before being barred by § 1915(g)).

The Ninth Circuit in Andrews v. King, 398 F.3d 1113, 1120 (9th Cir. 2005) ("Andrews I"), implicitly allowed the district court to raise the § 1915(g) problem sua sponte, but required the district court to notify the plaintiff of the earlier dismissals it considers to support a § 1915(g) dismissal and allow the plaintiff an opportunity to be heard on the matter before dismissing the action. See id. at 1120. Plaintiff must show why a prior dismissal should not count as a strike. Id. The prisoner must be given notice of the potential disqualification under § 1915(g) and plaintiff bears the ultimate burden of persuasion that § 1915(g) does not bar pauper status for him. Id.

     1.     Prior "Strikes"

Plaintiff has had three or more prisoner actions/appeals dismissed by a federal court on the grounds that they are frivolous, malicious, or fail to state a claim upon which relief may be granted: (1) Weaver v. Pelican Bay State Prison, No. C 04-3077 JW (PR) (N.D. Cal. May 18, 2005) (civil rights action dismissed for failure to state a claim upon which relief may be granted); (2) Weaver v. Nimrod, No. C 04-3154 JW (PR) (N.D. Cal. Dec. 14, 2004) (same); (3) Weaver v. Pelican Bay State

Prison Mail Room, No. C 04-4784 JW (PR) (N.D. Cal. Jan. 5, 2005) (same); (4) Weaver v. Daniel, No. C 05-1373 JW (PR) (N.D. Cal. May 9, 2005) (same); and (5) Weaver v. Monterio, et al., No. 05-0166 RSWL (FMO) (C.D. Cal. Nov. 21, 2005) (same).

In accordance with Andrews I, plaintiff was notified by this Court on at least eighteen separate cases of the same cases cited above that supported a § 1915(g) dismissal, and in each case plaintiff was afforded an opportunity to show why the prior dismissals should not count as strikes. See e.g., Weaver v. Whiteford, No. C 04-03894 JW (PR) (N.D. Cal. Sept. 1, 2006), Weaver v. Pelican Bay State Prison, No. C 05-00632 JW (PR) (N.D. Cal. July 27, 2007), Weaver v. Pelican Bay State Prison, No. C 05-02441 JW (PR) (N.D. Cal. Dec. 27, 2005), Weaver v. Pelican Bay State Prison Mail Room, No. C 06-02500 JW (PR) (N.D. Cal. Sept. 8, 2006), and Weaver v. Diaz, No. C 07-00162 JW (PR) (N.D. Cal. July 27, 2007). In each case, plaintiff failed to attack the validity of the strikes under 1915(g), and those eighteen complaints were ultimately dismissed under § 1915(g).

Plaintiff has been already been given numerous opportunities to attack the validity of the prior strikes, and he will not in this action be given yet another opportunity to respond in an attempt to delay dismissal pursuant to § 1915(g).[2] The Court deems the validity of the prior strikes undisputed. Therefore, plaintiff must show on the face of his complaint that he is in imminent danger of serious physical injury in order to proceed under § 1915(g).

2. <u>Imminent Danger of Serious Physical Injury</u>

Because plaintiff has had three or more prisoner actions/appeals dismissed by a federal court on the grounds that they are frivolous, malicious, or fail

---

[2] The Court finds notable one federal court of appeals which has held that "[a]n effort to bamboozle the court by seeking permission to proceed in forma pauperis after a federal judge has held that § 1915(g) applies to a particular litigant will lead to immediate termination of the suit." Sloan v. Lesla, 181 F.3d 857, 859 (7th Cir. 1999).

Order Granting Extension of Time to File IFP; Denying IFP; Directing P to Pay
P:\PRO-SE\SJ.JW\CR.07\Weaver05334_deny-ifp (1915g).wpd    3

to state a claim upon which relief may be granted, plaintiff may proceed in forma pauperis in this action only if he is seeking relief from a danger of serious physical injury that is "imminent" at the time of filing. See Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001) (en banc); Medberry v. Butler, 185 F.3d 1189, 1192-93 (11th Cir. 1999); Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998); Banos v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998). The plain language of the imminent danger clause in § 1915(g) indicates that "imminent danger" is to be assessed at the time of filing of the complaint. See Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007) ("Andrews II"). The conditions that existed at some earlier or later time are not relevant. See id.; see id. at 1053 n.5 (post-filing transfer of prisoner out of the prison at which danger allegedly existed may have made moot his request for injunctive relief against the alleged danger, but it does not affect the § 1915(g) analysis).

Once the prisoner "satisfies the exception to the three-strikes rule and otherwise qualifies for IFP status, the district court must docket the entire complaint and resolve all of its claims, without requiring the upfront payment of the filing fee." Id. at 1054. If any claim alleges an imminent danger at the time of filing, the whole complaint can go forward; the court should not do a claim-by-claim analysis, dismissing those claims as to which there is no imminent danger alleged. See id. at 1055. A district court's determination that plaintiff has alleged satisfactorily that he is in imminent danger of serious physical injury does not preclude defendants from later challenging plaintiff's imminent danger allegations in a motion for summary judgment, however. Gibbs v. Cross, 160 F.3d 962, 967 n.8 (3d Cir. 1998) (acknowledging that imminent danger allegations may be challenged after initial grant of leave to proceed in forma pauperis).

The court "should not make an overly detailed inquiry into whether the allegations qualify for the exception." Andrews II, 493 F.3d at 1055. It is sufficient if the complaint "makes a plausible allegation that the prisoner faced 'imminent

Order Granting Extension of Time to File IFP; Denying IFP; Directing P to Pay
P:\PRO-SE\SJ.JW\CR.07\Weaver05334_deny-ifp (1915g).wpd    4

1  danger of serious physical injury' at the time of filing." Id.; see, e.g., id. at 1055
2  (allegation that plaintiff is at risk of contracting HIV or hepatitis C was sufficient to
3  bring his complaint within the imminent danger exception); id. at 1057 ("prisoner
4  who alleges that prison officials continue with a practice that has injured him or
5  others similarly situated in the past will satisfy the 'ongoing danger' standard and
6  meet the imminence prong of the three-strikes exception" even if prisoner had
7  already contracted a contagious disease and complained of being housed near
8  prisoners with contagious diseases); cf. Ashley, 147 F.3d at 717 (plaintiff
9  sufficiently alleged ongoing danger where he had repeatedly been housed near
10 enemies, despite his protests, and where he filed his complaint very shortly after
11 being attacked by an enemy); Abdul-Akbar, 239 F.3d at 315 n.1 (while declining to
12 reach question of whether "imminent danger" encompasses an ongoing danger of
13 serious physical injury, noting that the plaintiff's allegations of past acts of physical
14 harassment were not sufficiently specific or related to support an inference of an
15 ongoing danger); Medberry, 185 F.3d at 1193 (no ongoing danger where plaintiff
16 had been placed in administrative segregation following physical assaults by fellow
17 inmates and before he filed his complaint).

18       Plaintiff states his claims in a single paragraph as follows: "Once again on
19 different dates [including] 10/09/07 [at] 1:45 a.m.[,] defendant(s) are in violation of
20 conspiracy[] in the vent or in Section A-B. [Defendants are] [h]ar[]assing plaintiff
21 with sleep deprivation, sensory device machine. There are wit[]nesses[:] inmate
22 John Rabe D-58062 [and] inmate Willock in One Block. Plaintiff['s] neighbors in
23 209, 211, 110, 111 are in conspiracy with staff. Plaintiff['s] 1, 8, 9, [and] 14
24 Amendment rights [have been] violated. Defendants showed deliberate indifference
25 under the Eigt[h] Amendment that constitute[s] cruel [and] unusual punishment."
26 (Compl. at 3.) However, plaintiff's allegation that he is being subjected to a "sleep
27 deprivation, sensory device machine" is not sufficient to show that he is in imminent
28 danger of serious physical injury. Nor is it sufficient to state that there are witnesses

without explaining in more detail what relevant testimony such witnesses would provide in support of plaintiff's claims. Furthermore, plaintiff has not satisfied the 'ongoing danger' standard under Andrews II because he has not alleged that prison officials are continuing with a practice that has injured him or others similarly situated in the past. See Andrews II, 493 F.3d at 1057. Nor has plaintiff made any allegations of past acts of physical harassment to give rise to an inference of ongoing danger. See Abdul-Akbar, 239 F.3d at 315 n.1. Accordingly, plaintiff is not entitled to the imminent danger exception of § 1915(g) to avoid dismissal of the instant complaint without the full payment of the filing fee.

**CONCLUSION**

Plaintiff's motion for extension of time (Docket No. 3) to file an in forma pauperis application is GRANTED. The application is considered timely filed.

Because plaintiff has had three or more prior dismissals and is not under imminent danger of serious physical injury, his request to proceed in forma pauperis (Docket No. 4) is DENIED pursuant to § 1915(g).

**PLAINTIFF MUST PAY THE FULL FILING FEE WITHIN THIRTY (30) DAYS FROM THE DATE THIS ORDER IS FILED. FAILURE TO PAY THE FULL FILING FEE IN THE TIME PROVIDED WILL RESULT IN THE DISMISSAL OF THIS ACTION WITHOUT PREJUDICE WITHOUT FURTHER NOTICE TO PLAINTIFF.**

This order terminates Docket Nos. 3 and 4.

DATED: December 17, 2007

JAMES WARE
United States District Judge

Order Granting Extension of Time to File IFP; Denying IFP; Directing P to Pay
P:\PRO-SE\SJ.JW\CR.07\Weaver05334_deny-ifp (1915g).wpd    6